FRIEND, Administrator, Appellant, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Respondent.

*November 8 — November 24, 1899.*

*Railroads: Killing of child on track: Gate at farm crossing: Negligence.*

1. A railroad company which has constructed a gate at a farm crossing, safe and ample for all ordinary purposes, is not chargeable with negligence because, by the owner's use of the roadway of the crossing, the ground under the gate had been worn down so far as to permit a child to creep under the gate and get upon the track.

2. Where a child is run over by a train at a point where the employees of the railway company had no reason to anticipate the presence of any person on or near the track, in order to warrant a recovery on the ground of negligence in the management of the train the employees must have been guilty of gross negligence or wanton or wilful misconduct.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The action is brought to recover damages for the death of plaintiff's infant daughter, Gertrude, by one of defendant's passenger trains, on November 6, 1897, plaintiff suing in his capacity as administrator. The negligence charged is based on two grounds: first, that defendant was negligent in keeping up the fence and a gate at a farm crossing on premises near the house where the plaintiff lived; second, in negligently running the train by which the child was killed. The

sufficiency of the complaint is directly challenged, but the view taken of the case renders it unnecessary to determine that question. After the evidence of plaintiff was all in, the defendant made a motion to direct a verdict for defendant, which was granted by the court on the ground that plaintiff had not made out a case that would entitle him to recover. It is to test the correctness of this ruling that this appeal is taken.

For the appellant there were briefs by *Quinlan & Daily,* and oral argument by *W. B. Quinlan.*

For the respondent there was a brief by *Fish, Cary, Upham & Black,* attorneys, and *Edward M. Hizer,* of counsel, and oral argument by *John T. Fish.*

BARDEEN, J. If this court shall be of opinion that plaintiff's proofs were not sufficient to entitle him to recover, the judgment of the court below must be affirmed. With the determination of this question in view, we will consider the testimony. Plaintiff lived on a farm through which defendant's road was operated. His house was a short distance from the right of way. Nearly in front of his house there was a gate in the right-of-way fence to a farm crossing leading to a highway on the other side of the track. This gate was made of boards and was of the kind in general use, known as a "slide and swing gate." The fence on either side of the gate posts was of barbed wire. On one side the lower wire was near the ground, with a space between that and the next wire above of seventeen inches. On the other side the similar wires were about twelve inches apart. When the gate was closed and in its usual position there was a space of about fifteen inches between the lower board and the ground, at a point where it had been worn down by the passage of teams and stock through the opening. This was plainly shown by the photographs in evidence. The deceased child was seventeen months old. Its

Friend vs. Chicago & Northwestern R. Co.

mother was away from home. The father left home about
1:30 in the afternoon, leaving the child in the charge of his
two stepdaughters. The children were playing in the door-
yard with some neighbor's children. After a time the de-
ceased child was missed by her playmates, and was discovered
on the railroad track, a short distance below the ,crossing,
just as the train approached. No evidence was offered as
to how the child got upon the track. Whether she went
under the gate or through the fence is a pure matter of
speculation. All the reasonable probabilities are that she
went under the gate. The traveled track led directly to
that point. The opening was of sufficient size to allow her
to pass under the gate without difficulty. It is argued, how-
ever, that the defendant is liable for the death of the child,
no matter whether she passed upon the track through the
fence or under the gate. This assumes that it was the
duty of defendant to keep the track or path of the farm
crossing in repair, as well as the fence and gate adjoining
the plaintiff's premises. No such duty is enjoined by stat-
ute, and we know of no rule of law that imposes such duty
upon defendant. Admitting for the purpose of the argu-
ment that the fence was defective, unless it is shown that
the accident occurred by reason thereof there was no ground
for recovery. The gate was safe and ample for all ordinary
purposes; that is, for all purposes for which such structures
are usually designed. The defendant had discharged its
full duty when it erected the gate as described, and had no
obligation to change its form or location to conform to the
changed conditions caused by the plaintiff's use of the place,
unless such use was of such a character as to make the gate
an unsafe structure under the statute. Whatever defect
there was at this place was created by the plaintiff; and he
cannot be allowed to charge others for his own negligent
act. The child may have entered, and probably did enter,
upon the track through the opening created by plaintiff him-

self.  Under these circumstances, the defendant sustains no liability to him for the death of the child.

Nor can we believe that under either the allegations or the proof is there any liability shown as to the negligent running of the defendant's train.  There is no claim that the accident happened at a place where the railroad employees had any reason to anticipate the presence of any person on or near the track.  Neither is it suggested that the engineer was guilty of gross negligence or wanton conduct in the management of the train.  On the contrary, it affirmatively appears that the moment the child was discovered he used the emergency application of the air brake, but was unable to stop the train in time to prevent the accident. Under these circumstances, little more remains to be said. The rule is settled in this state that under such conditions the railroad company can only be held for gross negligence or wanton or wilful misconduct of its employees.  *Schug v. C., M. & St. P. R. Co.* 102 Wis. 515.  There was no evidence that they were guilty of even a want of ordinary care.  So upon both branches of the case the plaintiff must fail.

*By the Court.*— The judgment of the circuit court is affirmed.